## THE WM. N. BEACH.[1]

### DRAKE v. THE WM. N. BEACH.

(District Court, E. D. New York. June 22, 1886.)

COLLISION—FLOATING LOGS—ABSENCE OF LIGHT—PASSING TUG—ENTANGLING OF SCREW.

Libelant allowed logs to remain floating in the water along-side his derrick, with no light upon them. In the night the propeller of a passing tug, whose pilot had no knowledge of the presence of the logs, caught in the logs, whereby libelant's property was damaged. On suit brought against the tug for the damage, *held*, that she was not liable.

In Admiralty.
*De L. Berier*, for libelant.
*E. D. McCarthy*, for claimants.

BENEDICT, J. In such a locality as this, in the Harlem river, it was not negligence in the pilot of the William N. Beach to allow the stern of his boat to approach within 16 feet of the libelant's derrick, then fast to the shore. As the tide was, and as the tug was handled, it is plain that no injury would have been done to the libelant's property there, if the screw of the tug had not caught in some piles which the libelant had placed and allowed to remain floating in the water along-side his derrick. It was negligence in the libelant to leave these piles where they were when the tug's propeller was caught and stopped by them, and this negligence was the cause of the damages complained of. There was no negligence on the part of the tug in failing to see the piles floating in the water. No light had been placed upon them. The pilot of the tug had no knowledge of their presence, nor any reason to suspect their presence there.

The libel must be dismissed, with costs.

[1] Reported by R. D. & Wyllys Benedict, Esqs., of the New York bar.